

**ORDERED in the Southern District of Florida on February 22, 2016.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

_____ )
                            )
In re                       )   CASE NO. 03-43226-BKC-RAM
                            )   CHAPTER  7
LOUIS STEVEN ROBLES,        )
                            )
        Debtor.             )
_____ )

**ORDER DENYING MOTION TO
DETERMINE TAX LIABILITY FOR POSTPETITION YEARS**

The Debtor seeks a determination of his postpetition tax liability. He argues that §505 of the Bankruptcy Code provides jurisdiction. The Debtor's request must be denied. Section 505 is not an independent grant of subject matter jurisdiction. Because the tax determination sought by the Debtor is not a matter arising under, arising in or related to this bankruptcy

case, the Debtor's §505 motion must be denied for lack of subject matter jurisdiction.

## Facts and Procedural Background

The Court conducted a hearing on February 4, 2016, on the Debtor's Motion to Set Deadlines for Completion of Discovery and Preparation for Trial with Respect to the Outstanding Tax Issues (the "Motion to Set Deadlines") [DE# 497]. The United States filed a Response [DE# 498] asserting that the contested tax issues are moot because the only proof of claim is for 2001 taxes and the Internal Revenue Service ("IRS") has determined that the collection period for 2001 taxes, penalties and interest has expired. It is also undisputed that there will be no distribution to the IRS on its proof of claim based on the administrative insolvency of this estate. Therefore, there are no remaining tax issues affecting the estate or its creditors. Nevertheless, the Debtor is still requesting the Court to determine his individual liability for the postpetition years 2003, 2005, 2006, and 2007. To address this request, some procedural history is necessary.

Four years ago, on February 3, 2011, the Debtor filed a Motion for Court Determination of Debtor's Federal Income Tax Liability (the "§505 Motion"). The §505 Motion cited 11 U.S.C. §505 and requested that the Court determine the Debtor's tax

liability for the years 1996 through 2006. Following a hearing on February 24, 2011, the Court entered its February 28, 2011 Order (1) Denying the United States' Motion to Dismiss Claim Objection; and (2) Reserving Ruling on Debtor's Objection to Claim and Debtor's Motion to Determine Tax Liability (the "2011 Order") [DE# 370]. The 2011 Order confirmed that the only prepetition tax claim by the IRS was its amended claim for 2001 income taxes and stated that the Court would determine the 2001 tax liability.   The 2011 Order reserved ruling on the §505 Motion, leaving unresolved whether the Court had jurisdiction and, if so, whether it would exercise jurisdiction to determine the Debtor's individual tax liability for any postpetition years.

The Court left open the possibility of exercising jurisdiction to determine the Debtor's liability, or losses, for the postpetition years in part, because the Debtor argued that if he established tax losses for the postpetition years, those losses could be carried back and reduce any liability otherwise determined for 2001. Reduction of the 2001 tax liability could theoretically have had an effect on the distribution to creditors. The Debtor concedes that determining his postpetition tax liability is no longer relevant to the 2001 tax claim. However, he still urges the Court to exercise jurisdiction under

§505 because he believes he will establish losses for those years that can be carried forward and reduce his income tax liability in the future. The Debtor argues that establishing those losses will further his "fresh start."

The §505 issues were briefed prior to the entry of the 2011 Order in the United States' Motion to Dismiss filed on January 26, 2011 [DE# 350] and in the Debtor's Response to the United States' Motion to Dismiss filed on February 14, 2011 [DE# 368]. The Court has reviewed these filings, researched applicable law, and does not require further briefing. For the reasons discussed below, the Court finds that it does not have jurisdiction under 28 U.S.C. §1334 to determine the Debtor's tax liability for postpetition years and finds further that even if jurisdiction exists, the Court would decline to exercise jurisdiction.

## Discussion

Section 1334(b) of title 28 grants jurisdiction to United States District Courts (and, by general order of reference, to bankruptcy courts) to hear all matters arising under title 11, or arising in or related to cases under title 11. Section 505 of the Bankruptcy Code states that bankruptcy courts "may determine the amount or legality of any tax." However, §505 does not provide an independent grant of jurisdiction to bankruptcy courts over tax issues. *United States v. Zellers (in re CNS,*

4

*Inc.)*, 255 B.R. 198, 201 (N.D. Ohio 2000) ("The subject matter jurisdiction of bankruptcy courts over tax proceedings is derived from the jurisdiction of the federal district courts under 28 U.S.C. §1334....").

Therefore, the question before the Court is whether the determination of the Debtor's postpetition tax liability is a matter arising under title 11, or is a matter arising in or related to a case under title 11. To start, the determination of the Debtor's postpetition tax liability is not a matter arising under title 11 or arising in a case under title 11. Matters which come under the phrases arising under title 11 and arising in a case under title 11 are core proceedings within the meaning of 28 U.S.C. §§157(b)(1) and 157(b)(2). In turn, core proceedings are those that evoke "a substantive right created by the federal bankruptcy law (arising under) or one which could not exist outside of bankruptcy (arising in)." *In re Lowenbraun*, 453 F.3d 314 (6th Cir. 2006).

Determining tax liability is a core proceeding under 28 U.S.C. §157(b)(2)(A) if the IRS files a proof of claim and a debtor or trustee files an objection to claim. In this case, there was core jurisdiction to determine the Debtor's objection to the IRS proof of claim for 2001 prepetition income taxes, but, as explained earlier, that objection is now moot.

5

Therefore, there is no longer core jurisdiction over the Debtor's §505 Motion to determine the Debtor's postpetition tax liability.

The only remaining basis for jurisdiction is "related to" jurisdiction. Bankruptcy courts have "related to" jurisdiction over matters "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 788 (11th Cir. 1990) *citing Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3rd Cir. 1984). Under the current posture of the case, there is nothing to support "related to" jurisdiction. Determining the Debtor's liability for postpetition taxes will have absolutely no effect on the administration of this estate other than to delay the closing of the case.

In sum, this Court lacks subject matter jurisdiction to determine the Debtor's postpetition tax liability. Therefore, the Debtor's request for relief in the §505 Motion must be denied. *See In re Johnston*, 484 B.R. 698 (S.D. Ohio 2012) (section 505 allows a bankruptcy court to determine tax liability only if the court otherwise has jurisdiction under 28 U.S.C. §1334); *Swain v. United States (In re Swain)*, 437 B.R. 549 (Bankr. E.D. Mich. 2010) (specifically holding that a

debtor's fresh start does not supersede a bankruptcy court's lack of subject matter jurisdiction). Further, even if this Court had jurisdiction to determine the Debtor's postpetition tax liability pursuant to §505, relief under §505 is discretionary, and this Court would decline to exercise jurisdiction. Based upon the foregoing, it is –

**ORDERED** as follows:

1.    The §505 Motion is denied without prejudice to the Debtor litigating his tax liability for 2003 and all years thereafter in another court of competent jurisdiction.

2.    The Motion to Set Deadlines is denied as moot.

3.    By separate Order, the Court will direct the Trustee to furnish documents to the Debtor to assist the Debtor in pursuing his tax issues in another forum.

###

COPIES FURNISHED TO:

Louis S. Robles
Reg. No. 64900-004
Federal Prison Camp
P.O. Box 3949
Pensacola, FL  32516

Philip M. Schreiber, Esq.
Trial Attorney- Tax Division
U.S. Dpt. of Justice
P.O. Box 14198
Washington, DC 20044

Brian Rich, Esq.